```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

MICHAEL TRIESTE,

                              Plaintiff,      **14-cv-6413**

                                                               **DECISION AND ORDER**

          -vs-

GRAPHIC COMMUNICATIONS TEAMSTERS
LOCAL 503 et al,

                              Defendant.
_____

## INTRODUCTION

Plaintiff Michael Trieste ("plaintiff") brings this action under the Employee Retirement Income Security Act ("ERISA") alleging that defendants, Graphic Communications Teamsters Local 503 ("Local 503"), a union, and Inter-Local Pension Fund of the Graphic Communications Conference of the International Brotherhood of Teamsters (the "Pension Fund") made false representations to him that as a union member, he was required to make monetary contributions to the Pension fund as a condition of his employment.

Presently before the Court is defendants' motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on grounds that the plaintiff has failed to state a claim under ERISA upon which relief can be granted. For the reasons set forth below, defendants' motion is granted.

**PROCEDURAL HISTORY**

Plaintiff began his employment with Hammer Packaging on May 22, 2012. As a condition of his employment he was required to join the Union Local 503 and participate in the Pension Fund as provided in the Collective Bargaining Agreement ("CBA"). Despite plaintiff's protests and refusal to participate in the Pension Fund, he contributed $1551.14 from April 6, 2013 to December 28, 2013 for which he seeks reimbursement. Three of plaintiff's co-workers, Kevin Wilson, John Diaz, and Joe Parlier, allegedly informed plaintiff that they had been treated differently with respect to the Pension Fund, and that Local 503 did not require Pension Fund participation from all employees even though plaintiff's employer, Hammer Packaging, was a union shop. *See* Collective Bargaining Agreement, Article 2 (Docket No. 10).

Plaintiff contends that he was subjected to disparate treatment as a Hammer packaging employee and Local 503 member, and he seeks a judgment for the $1,551.42 that he was forced to contribute to the Pension Fund. In their motion to dismiss, defendants assert that plaintiff's allegations against Local 503, if true, do not constitute an ERISA violation, but at most a breach of defendants' duty of fair representation, a claim that is, in any event, untimely. Defendants further assert that plaintiff fails to state or provide evidence that the Pension Fund made any representations to him regarding an option not to participate in

Local 503's Pension Fund. Moreover, any allegations regarding statements claimed to be made by a Local 503 representative are insufficient to support his claim for reimbursement of his contributions to the Pension Fund. Plaintiff responds by pointing out that the president of Local 503, Michael Stafford, is also on the Board of Trustees of the Pension Fund, thus implying that both entities, Local 503 and the Pension Fund, are connected.

## DISCUSSION

### I. General Legal Principles

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept "all factual allegations in the complaint and draw . . . all reasonable inferences in the plaintiff's favor." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Conclusory allegations are not entitled to any assumption of truth and will not support a finding that the plaintiff has stated a valid claim. *See Lundy v.*

*Catholic Health System of Long Island, Inc.*, 711 F.3d 106, 113 (2d Cir.2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level'" *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007) (quoting *Twombly*, 550 U.S. at 555).

ERISA was enacted to "protect the interests of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory requirements for employee benefit plans and to provide for appropriate remedies, sanctions, and ready access to the Federal courts." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208, 124 S. Ct. 2488 (2004), quoting 29 U.S.C. § 1001(b)(internal quotation marks omitted).

Here, plaintiff acknowledges that he voluntarily joined the Local 503 union, but claims that he made involuntary contributions to the Pension Fund for nine months. First, as noted in defendants' memorandum of law, assuming that plaintiff is claiming that Local 503 misrepresented to him that participation in, and contributions to, the Pension Fund was not mandatory. Such a claim for violation of the statutory duty of fair representation, however, must be brought within six months of the date of the alleged breach, which had long expired.

Second, the amended complaint fails to state which provision of ERISA was violated by defendants and the facts and circumstances upon which the alleged ERISA violation is based. Defendants explain that because of the bad economy in recent years, the Pension Fund had to make some cuts to pension benefits in order to maintain the long term viability of the Plan. Thus, Local 503 permitted some members to withdraw from continued participation in the Plan; however, no member who withdrew as an active participant was permitted to withdraw their contributions to the Pension Fund. Plaintiff benefitted from this cutback and was permitted to cease making contributions to the Pension Fund. The defendants further argue that plaintiff does not allege that his right to recover benefits have been denied but instead seeks a return of the funds that he contributed during the limited period between April 2013 through December 2013. The Court notes that plaintiff has cited no authority that, as a Pension Fund participant, he had the right to withdraw his contributions to the fund. Moreover, there is nothing in the CBA that grants plaintiff the entitlement to withdraw his Pension Fund contributions. Article V of the Trust Indenture governing the Pension Fund states that a pension member is entitled to receive a withdrawal benefit only "if such member at the time of termination of participation in the Fund has ceased to be engaged in the graphic arts industry either as an employee or in a direct supervisory capacity" (Docket No. 4 [exhibit E]). That was not the

case here since plaintiff continued employment at Hammer, and although he was permitted to cease his participation in the Pension Fund, he was not entitled to withdraw his prior contributions. However, it is undisputed that plaintiff will be entitled to receive benefits under the terms of the Pension Fund when he retires, based on his contribution to the Fund.

Plaintiff's claim that Local 503, in requiring his participation in the Pension Fund as a condition of employment, engaged in disparate treatment and acted in a manner that was arbitrary and capricious (*see* Amended Complaint [Docket No. 18]), if proven true, would be a breach of Local 503's duty of fair representation, not a breach of ERISA. "It is well-established that, under the National Labor Relations Act . . . , a labor organization has a statutory duty of fair representation 'to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Shaw v. Gen. Motors Corp.*, No. CIV-81-143E, 1991 WL 155581, at *5 (W.D.N.Y.1991), quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (U.S. 1967). To the extent that plaintiff raises a breach of the duty of fair representation claim against Local 503 in his amended complaint, "such claim must be filed within six months of the time when union members know or reasonably should know that a breach of that duty

6

has occurred." *Heller v. Consol. Rail Corp.*, 331 F. App'x 766, 768 (2d Cir.2009). That time to make such a claim has passed.

While the amended complaint arguably asserts an equitable relief claim under the catchall ERISA provision § 502(a)(3), plaintiff fails to provide the factual grounds upon which his claim is based sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court therefore concludes that a cognizable ERISA claim has not been stated in the amended complaint and, therefore, the amended complaint is subject to dismissal.

## **CONCLUSION**

For the reasons discussed above, defendants' motion to dismiss the amended complaint (Docket No. 23) is granted, and the amended complaint (Docket No. 18) is dismissed in its entirety. The Clerk of the Court is directed to close this case.

ALL OF THE ABOVE IS SO ORDERED.

S/ MICHAEL A. TELESCA
HONORABLE MICHAEL A. TELESCA
UNITED STATES DISTRICT JUDGE

DATED: Rochester, New York
       November 9, 2015